**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JHAROD J. KELLY,

      Petitioner,

v.                                                        Case No. 3:13-cv-798-J-32TRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

# O R D E R

### I.   <u>Status</u>

Petitioner, Jharod J. Kelly, initiated this action by filing a pro se Petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Kelly challenges an order revoking his probation and alleges that the revocation violated his right to due process under the Fifth and Fourteenth Amendments.  Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. 8) (Answer).[1]  Despite the Court's orders (Docs. 10, 11) and sufficient time allotted, Kelly did not file a reply.  Thus, this case is ripe for review.[2]

---

[1] The Court cites to the exhibits attached to the Response as "Ex."  All page citations refer to the numbers on the respective exhibits.

[2] Respondents set forth the state court procedural history in their Answer.  <u>See</u> Answer at 2-5.  They assert that the Petition was timely filed.  <u>Id.</u> at 6.  Therefore, the Court will not repeat the procedural history.

## II.    **Evidentiary Hearing**

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).   "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."   Id.   The pertinent facts of this case are fully developed in the record before the Court.   Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## III.    **Standard of Review**

"A state prisoner's § 2254 habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."   Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016).   "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'"   Id. (quoting Greene v. Fisher, 132 S. Ct. 38, 43 (2011)).

> Under AEDPA, when a state court has adjudicated the
> petitioner's claim on the merits,[3] a federal court may not

---

[3] In Harrington v. Richter, 562 U.S. 86, 100 (2011), the United States Supreme Court held that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"   The Court explained, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim

grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[4] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).

AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, —— U.S. ——, ——, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n

---

on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 99.

[4] "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)).

> <u>unreasonable</u> application of federal law is different from an
> <u>incorrect</u> application of federal law.").

<u>Bishop v. Warden, GDCP</u>, 726 F.3d 1243, 1253-54 (11th Cir. 2013).

## IV.   <u>Findings of Fact and Conclusions of Law</u>

Petitioner contends that the state trial court violated his due process rights by revoking his probation based on a new violation of law even though he was never convicted of a new offense.   After the trial on the new offense resulted in a hung jury, the court declared a mistrial, and the State later decided to nolle prosequi the charge.[5]

Respondents contend, and the Court agrees, that the federal constitutional claim is procedurally defaulted because it was not exhausted in state court. <u>See</u> Answer at 15-16.   To exhaust a federal claim, the petitioner must fairly present it to the state courts as a federal, constitutional claim rather than as a matter of state law. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (requiring a petitioner to fairly present federal claims in the state court proceedings in order to raise them on federal habeas review); <u>Preston v. Sec'y, Fla. Dep't of Corr.</u>, 785 F.3d 449, 456-59 (11th Cir. 2015) (discussing the exhaustion requirement imposed upon federal habeas corpus petitioners).   A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at

---

[5] Kelly also asserts that the postconviction court, in denying his 3.850 claim, erred by failing to attach any portion of the record that established a substantive violation of his probation.   This allegation clearly does not raise a claim of federal constitutional law, and therefore is not cognizable on federal habeas review. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991).

4

exhaustion would be futile.'"   <u>Owen v. Sec'y, Dep't of Corr.</u>, 568 F.3d 894, 908 n.9 (11th

Cir. 2009) (quoting <u>Zeigler v. Crosby</u>, 345 F.3d 1300, 1304 (11th Cir. 2003)).

"The crux of the exhaustion requirement is simply that the petitioner must have

put the state court on notice that he intended to raise a federal claim."   <u>Preston</u>, 785

F.3d at 457; <u>see also</u> <u>French v. Warden, Wilcox State Prison</u>, 790 F.3d 1259, 1270-71

(11th Cir. 2015), <u>cert. denied</u>, 136 S.Ct. 815 (2016).   But Kelly failed to mention a

federal constitutional claim either on direct appeal or in his Rule 3.850 Motion to

Vacate.[6]   <u>See</u> Exs. I, M.   Consequently, the state trial court was never notified that

he intended to raise a federal claim in his Rule 3.850 Motion, and the state trial court

exclusively applied state law in denying the Motion.   <u>See</u> Ex. N.   Subsequently, in

his initial brief on appeal from the denial of the Rule 3.850 Motion, Kelly refers to his

"[Fourteenth] [A]mendment right of due process of law" for the first time in an isolated,

introductory clause of a sentence.   <u>See</u> Ex. O at 9 ("Having been deprived of his 14th

amendment right of due process of law, and absent evidence of a substantive violation,

the appellant ask[s] that this Court issue an order to reverse and remand the lower

court's order, vacating appellant's conviction and sentence and reinstating his

probation.").   Notably, Kelly cited no federal cases, let alone Supreme Court cases; he

even failed to cite any Florida state cases involving federal due process issues.   <u>See</u>

<u>Preston</u>, 785 F.3d at 451.   He failed to mention any federal standard.   <u>See</u> <u>McNair v.</u>

<u>Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005); <u>see also</u> <u>Preston</u>, 785 F.3d at 451.   His

---

[6] Kelly's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), which Kelly did not supplement.   <u>See</u> Ex. I.

mere reference to the Fourteenth Amendment right of due process in his postconviction appellate brief is simply too little and too late to satisfy the exhaustion requirement in state court.   See French, 790 F.3d at 1271 (finding that bare mentions of "confrontation" and the Sixth Amendment buried in the state habeas petition would not have alerted the court to petitioner's federal constitutional claims); McNair, 416 F.3d at 1303 ("the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record") (quotations and citations omitted); Zeigler, 345 F.3d at 1307, n.5 (concluding that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted").   Kelly failed to exhaust his federal claim in state court, and it is procedurally defaulted.[7]

Even assuming that the claim were not procedurally barred, Kelly would not be entitled to relief.   As recited in the state trial court's Order, condition four of Kelly's order of probation stated:   "You will live without violating any law.   A conviction in a court of law shall not be necessary in order for such a violation to constitute a

---

[7] Kelly has not attempted to excuse his procedural default by showing either cause and prejudice or a fundamental miscarriage of justice.   See Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317, 1345 (11th Cir. 2004) ("The habeas petitioner can escape the exhaustion requirement only by showing cause for the default and actual prejudice resulting therefrom, or by establishing a fundamental miscarriage of justice."); see also Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 753-54 (1991)); Schlup v. Delo, 513 U.S. 298, 324-27 (1995).   Accordingly, his unexhausted claim cannot be raised on federal habeas corpus review.   See Kelley, 377 F.3d at 1345.

violation of your Probation." Ex. N at 7.   The state postconviction court found that

Kelly

> willfully and substantially committed a probation violation
> by failing to live without violating any law during his one-
> year probation.   The Defendant was lawfully arrested and
> charged with Home Invasion Robbery in March 2009; and
> even though the trial resulted in a hung jury, the evidence
> presented against the Defendant satisfies the
> preponderance standard.   The fact that the State dropped
> the charges does not overshadow a finding that the greater
> weight of the evidence supports a violation of Condition 4.
>
> As stated in Jenkins, a nolle prosequi only demonstrates
> that the State could not prove their case beyond a
> reasonable doubt, not by the greater weight of the evidence.
> [State v.] Jenkins, 762 So.2d [535,] 536 [Fla. 4th DCA 2000].
> The fact that the trial resulted in a hung jury is evidence in
> favor of the Defendant.   Nevertheless, the trial presented
> enough facts to satisfy, by a preponderance of the evidence,
> that the Defendant committed the crime of Home Invasion
> Robbery thus violating his probation.

Ex.N. at 7-8.   Therefore, "based on the terms of the Probation that Kelly had signed

and acknowledged, as well as the relevant facts," the state postconviction court denied

relief.   Id. at 7.   On appeal, the First District Court of Appeal summarily affirmed,

per curiam without opinion.   Ex. O.

Under clearly established federal law, "[t]he Due Process Clause of the

Fourteenth Amendment imposes procedural and substantive limits on the revocation

of the conditional liberty created by probation."   Black v. Romano, 471 U.S. 606, 610

(1985) (citing Bearden v. Georgia, 461 U.S. 660, 666, and n.7 (1983)); Gagnon v.

Scarpelli, 411 U.S. 778, 781-82 (1973).   But a revocation hearing "does not require the

full panoply of procedural safeguards associated with a criminal trial."   Romano, 471

U.S. at 613; see also Scarpelli, 411 U.S. at 782 (recognizing that probation revocation is not a stage of a criminal prosecution).   The minimum requirements of due process at a final revocation hearing include:

> '(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.' Morrissey v. Brewer, [408 U.S. 471, 489 (1972)].

Scarpelli, 411 U.S. at 786.   Thus, "there is no requirement in a probation revocation hearing to prove beyond a reasonable doubt that the defendant committed the alleged acts."   United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991).   Rather, the evidence must "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."   Id. (quotations and citation omitted).   Lower federal courts and Florida state courts have held that violations of probation must be proven only by a preponderance of the evidence.   See United States v. Cunningham, 607 F.3d 1264, 1268 (11th Cir. 2010); State v. Jenkins, 762 So.2d 535 (Fla. 4th DCA 2000).

Upon review of the record, the Court finds that the state postconviction court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.   Even if the state court's adjudication is not entitled to AEDPA deference, Kelly's due process claim would fail on the merits.   Based on the evidence presented at Kelly's trial on the underlying charge, the court still found that he violated the condition of his probation that required him to "live without violating the law."   Ex. F at 269; Ex. G at 30.   Because due process did not require the State to prove the probation violation beyond a reasonable doubt, it matters not that the trial of his new criminal charge resulted in a hung jury and mistrial or that the State ultimately decided to nolle prosequi the charge.   Thus, Kelly is not entitled to federal relief on the basis of this claim.

Accordingly, it is hereby

**ORDERED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.[8]   Because this Court has determined that a certificate of

---

[8] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. §2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not

appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

4.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** in Jacksonville, Florida the 1st day of August, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

lpb
Copies:

Jharod J. Kelly, #J37588
Counsel of record

---

warranted.

10